IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CITY OF SPRINGFIELD, OHIO,
et al.,                                :

        Plaintiffs,                    :          Case No. 3:25-cv-33

    v.                                 :          JUDGE WALTER H. RICE

THE BLOOD TRIBE, et al.,

        Defendants.                    :

---

ENTRY SUSTAINING THE MOTION FOR ALTERNATE SERVICE AND
TO EXTEND THE TIME TO EFFECT SERVICE FILED BY PLAINTIFFS
CITY OF SPRINGFIELD, ET AL. (DOC. #13)

---

This matter is before the Court on the Motion for Alternate Service and to
Extend the Time to Effect Service filed by Plaintiffs City of Springfield, Ohio, Mayor
Rob Rue, Assistant Mayor Dr. David Estrop, City Commissioners Krystal Brown and
Tracey Tackett, and Springfield residents Taylor Flora, Casey Rollins, Jessica
Shafer, and Randall Comer ("Plaintiffs"). Doc. #13.

Plaintiffs believe that Defendants Christopher Pohlhaus and Drake Berentz
are actively evading service of this lawsuit and seek additional time to serve them
as well as permission to effectuate service via publication or other authorized
means. As explained more thoroughly herein, the Court finds that Plaintiffs have
shown good cause for their failure to serve within 90 days, and therefore SUSTAINS

Plaintiffs' motion, hereby granting an additional 90 days to effectuate service. Additionally, Plaintiffs' request for service by publication or other means is SUSTAINED.

## I.     Procedural and Factual Background

Plaintiffs filed this action on February 6, 2025. Doc. #1. Summons was issued for Defendants The Blood Tribe, Christopher Pohlhaus ("Pohlhaus"), and Drake Berentz ("Berentz") on February 18, 2025. Doc. #10. Since filing this case, Plaintiffs have made many attempts to serve Defendants which are outlined in the affidavit filed by Marques Tracy. Doc. #13-1. Plaintiffs have hired multiple investigators who have located 5 addresses for Pohlhaus and 6 addresses for Berentz. All together, service has been attempted 11 times on Pohlhaus and 13 times on Berentz. Plaintiffs filed the present motion on April 25, 2025. Doc. #13.

## II.    Legal Standard

Under the Federal Rules of Civil Procedure, a plaintiff is required to serve all defendants within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for their failure to serve within 90 days, "the court must extend the time for service for an appropriate period." *Id.* "Good cause," such that an extension for service is required, may be found when a defendant intentionally evades service of process. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991); *Wise v. Department of Defense*, 196 F.R.D. 52, 54 (S.D.

2

Ohio 1999) (Rice, C.J.). A determination of whether good cause exists is left to the sound discretion of the district court. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

The Federal Rules permit Plaintiffs several options for serving defendants. One such option is to use any mechanism that is permissible under state law in the state where the district court is located. Fed. R. Civ. P. (4)(e)(1). Ohio law permits service by publication in a newspaper when authorized by law. Ohio Civ.R.4.4(A)(1). A party requesting to employ service by publication must file an affidavit showing that (1) service of summons cannot be made because the residence of the party to be served is unknown to the affiant; (2) all of the efforts made on behalf of the plaintiff to ascertain the residence of the party to be served; and (3) that the residence of the party to be served cannot be ascertained with reasonable diligence. *Id.*

## III.  Analysis

Plaintiffs' motion makes two separate requests: (1) that the Court extend the time by which they must serve Defendants; and (2) that the Court permit the service to occur by publication or other means. If a plaintiff shows good cause for not effectuating timely service, an extension is not merely permissible, it is *required*. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). Good cause is generally defined to be "a reasonable, diligent effort" at proper

3

service. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021). The Sixth Circuit, recognizing Congressional intent, has specifically identified intentional evasion of process as constituting good cause. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

Plaintiffs have outlined the great efforts they have undertaken to this point to serve Defendants. *See* Doc. #13-1. Plaintiffs have hired three separate investigation firms and attempted service eight times between February 19 and March 7; three additional times between February 20 and 22; and separate attempts on February 25, March 6, 8, 9, 11, and 14. Doc. #13-1, PageID #152–55. For that reason, the Court is convinced that Plaintiffs have undertaken a sufficiently "reasonable, diligent effort" to serve Defendants and, therefore, an extension to effectuate service is required.

Plaintiff's second request in their motion relates to the methods of service available. Fed. R. Civ. P. (4)(e)(1) permits a plaintiff to serve a defendant by any method that is permitted by state law in either the state where the action is filed or the state where service is made. Given that Defendants' locations are unknown at this time, Plaintiffs seek to use Ohio's service by publication statute to complete service. Ohio Revised Code § 2703.14 lists several categories of cases in which service by publication may be permitted. Plaintiffs identify subsection (L) as the most relevant to this proceeding: "an action in which the defendant, being a

4

resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with similar intent." R.C. § 2703.14(L).

### A.   Service on Berentz by Publication

According to Plaintiffs' affidavit, five of the six addresses located for Berentz were in Ohio, including his most recent address. Doc. #13-1, PageID #151, 153. Additionally, Berentz's vehicle is registered in Ohio. *Id.* at PageID #151. Berentz likely qualifies as an Ohio resident, therefore, for the purposes of R.C. § 2703.14(L).

It is sometimes difficult to know whether a defendant is actively attempting to evade service or whether a plaintiff has simply failed in their requisite duty to serve. As the Supreme Court of Ohio observed in *Brooks*: "The only practical way to prove that a defendant had intentionally concealed herself to avoid service would be though the defendant herself. In most cases, as in the instant case, the defendant does not appear. This places plaintiff in the mind of an unavailable party." *Brooks v. Rollins*, 457 N.E.2d 1158, 1160 (Ohio 1984). As a result, Ohio courts presume a defendant who cannot be located after reasonable efforts is evading service. *Id.*

Plaintiffs have provided sufficient evidence of reasonable efforts to locate Berentz and, therefore the *Brooks* presumption applies here. Having met all required aspects of R.C. 2703.14(L), Plaintiffs may invoke Ohio's service by publication statute.

5

Having determined that Plaintiffs are permitted to employ service by publication, the Ohio Rules of Civil Procedure describe the steps that Plaintiffs must follow. Ohio Civ.R. 4.4(A)(1). Specifically, Plaintiffs must file an affidavit specifying three items: (1) that service of summons cannot be made because the residence of the party to be served is unknown to the affiant; (2) detailing the efforts made on behalf of the plaintiff to ascertain the residence of the party to be served, and (3) that the residence of the party to be served cannot be ascertained with reasonable diligence. *Id.* The affidavit filed by Marques Tracy meets all of these criteria.

Therefore, the Court finds that Plaintiffs are permitted to serve Drake Berentz by publication in accordance with Ohio law.

**B.     Service on Pohlhaus by Publication**

Unlike Berentz, Plaintiffs have been unable to locate addresses or other information to support an inference that Pohlhaus is, or ever has been, an Ohio resident. Nonetheless, Plaintiffs urge the Court to permit service by publication, arguing that the Ohio residency requirement is not interpreted rigidly. Doc. #13, PageID #143–44.

There is considerable support for their argument. As another district court in Ohio recently stated: "in fact, the Ohio Supreme Court seems to have implicitly dispensed with any rigid residency requirement, provided that the plaintiff has exercised reasonable diligence in locating the defendant." *NOCO Co. v. Shelton*,

6

No. 1:19-cv-2553, 2021 WL 4699215 (N.D. Ohio Jan. 8, 2021) (citing *Brooks v. Rollins*, 457 N.E. 2d 1158, 1160 (Ohio 1984)); *see also Wise v. T-Mann, LLC*, No. 1:14-cv-630, 2014 WL 4302536 (N.D. Ohio Aug. 29, 2014) ("defendant provides no case in which any court has rejected service by publication where plaintiff fails to establish that the defendant is a resident of Ohio.").

However, even if Ohio permits non-resident publication service, this Court must consider whether due process concerns prevent service by publication. After all, in many cases, an out-of-state defendant could hardly be expected to check local newspapers in Ohio to see whether a suit has been brought against them. *See NOCO*, 2021 WL 4699215 at *3. To comport with due process, a method of service must be "reasonably calculated to reach interested parties." *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318–20 (1950). Courts have never required a showing of actual notice of the litigation, only that the actions taken are "reasonably calculated to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 221 (2006) (quoting *Mullane*, 339 U.S. at 314).

To alleviate any concerns the Court may have about the due process implications of permitting service by process, Plaintiffs offer to serve though additional means, including by social media, email, or via Defendants' live streams,

7

where they routinely read viewers' comments. Doc. #13, PageID #144. Plaintiffs also note that Pohlhaus currently has actual notice of the pending lawsuit. This is evidenced by several livestreams in which he mentions the ongoing efforts to serve him, a now-deleted post on X (formerly Twitter), and by ongoing efforts to crowdfund for his legal fees via online fundraising websites. Doc. #13, PageID #132–35.

There is some conflict between the plain text of R.C. §2703.14(L) and the interpretation of the section by courts, including the Supreme Court of Ohio. Yet, this Court feels confident that, if faced with this issue, the courts of Ohio would continue to interpret the rule in accordance with the fundamental tenet of justice, that "cases should be decided on their merits, rather than upon procedural niceties and technicalities." *Brooks v. Rollins*, 457 N.E.2d 1158, 1161 (1984) (Brown, J. concurring) (cleaned up); *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 436 N.E.2d 257, 260 (Ohio 1982); *See also* R.C. § 1.11 ("Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice."); Ohio Civ.R. 1(B) ("These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."). The Court is convinced, therefore, that service by publication is appropriate under Ohio law to effectuate service on Christopher Pohlhaus.

8

However, to adequately protect Pohlhaus's due process rights, this Court will take additional steps beyond mere publication to ensure that he is appraised of the pendency of this action and afforded an opportunity to present his objections. *Jones*, 547 U.S. at 221. In addition to publication, this Court orders Plaintiffs to undergo reasonable efforts to serve Pohlhaus via social media, email, and live stream. *See Murrell v. Patriot Front*, No. 1:23-cv-11802, 2023 WL 7332881 (D. Mass. Nov. 7, 2023) (permitting service via email); *Marvici v. Roche Facilities Maint. LLC*, No. 21 Civ. 4259, 2021 WL 5323748 (S.D.N.Y. Oct. 6, 2021) (permitting service via text message); *Ross v. Dejarnetti*, No. 18 Civ. 11277, 2019 WL 8301676 (E.D. La. Aug. 23, 2019) (permitting service via text message, email, and though defendant's business website).

### C.  Service on The Blood Tribe by Publication

Plaintiffs claim that Defendant the Blood Tribe is an unincorporated association founded by Pohlhaus and led by both Pohlhaus and Berentz. Doc. #1, PageID #8; Doc. #13, PageID #145. Ohio Civ.R. 4.2(I) permits service "[u]pon an incorporated association by serving it in its entity name at any of its usual places of business by a method authorized by Civ.R. 4.1(A)(1); or by serving an officer of the unincorporated association." Because Pohlhaus and Berentz are both officers of the Blood Tribe, proper service on the Blood Tribe can be effectuated by serving either Pohlhaus or Berentz.

9

Given the analysis *supra*, permitting service by publication on both Pohlhaus and Berentz, service by publication is also appropriate for the Blood Tribe. Plaintiffs must, however, separately list the Blood Tribe as a defendant in its publication.

**D.    Service on John Does 1–7 by Publication**

Ohio permits service by publication where "the name and residence of a necessary party are unknown to the plaintiff." R.C. § 2703.24. Plaintiffs have undertaken diligent efforts to uncover the identities of John Does 1–7, but thus far have been unable to do so. Doc. #13, PageID #146. Therefore, service by publication is permitted for John Does 1–7.

**IV.    Conclusion**

Plaintiffs have demonstrated good cause to extend the deadline for service. Plaintiffs are granted an additional ninety (90) days from the date of this order by which to effectuate service on Defendants. Additionally, Plaintiffs may serve all Defendants through publication or other means consistent with both this order and Ohio law. For those reasons, Plaintiffs' Motion for Alternate Service and to Extend the Time to Effect Service, Doc. #13, is SUSTAINED.

Date: April 30, 2025

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

10