FILED
RICHARD W. NAGEL
CLERK OF COURT

JUL 21 2025 2:49 P

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-DAYTON

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CITY OF SPRINGFIELD | : | Case No. 3:25-cv-00033 |
| MAYOR ROB RUE | | |
| ASSISTANT MAYOR DAVID ESTROP | : | Judge |
| COMMISSIONER KRYSTAL BROWN | | |
| COMMISSIONER TRACEY TACKETT | : | MOTION TO DISMISS |
| TAYLOR FLORA | | FAILURE TO STATE A CLAIM |
| CASEY ROLLINS | : | |
| JESSICA SHAFER | | |
| RANDALL COMER | : | |
| | | |
| Plaintiffs, | : | |
| | | |
| v. | : | |
| | | |
| BLOOD TRIBE | | |
| CHRISTOPHER POHLHAUS | : | |
| DRAKE BERENTZ | | |
| JOHN DOES 1-7 | : | |
| | | |
| Defendants. | : | |

Defendant Christopher Pohlhaus moves to dismiss all claims against him for failure to state a claim as required by Federal Rule of Civil Procedure 12(b)(6). This motion is made by Pohlhaus alone and not on behalf of Blood Tribe or any other defendant.

**Legal Standard**

1. Federal plausibility requirements

> "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly [citation omitted], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citation omitted]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do [citation omitted]." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."<u>Ashcroft v. Iqbal 129 S. Ct. 1937, 1949 (2009.)</u>

"Factual allegations must be enough to raise a right to relief above the speculative level...." Bell Atlantic v. Twombly 550 U.S. 544, 555.

The "degree of specificity" required to establish plausibility is context specific and "rises with the complexity of the claim." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011). In the civil rights context the plaintiff must meet a high standard of plausibility. Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009).

"if the well-pleaded facts do not permit the court to infer more than mere [possibility] of misconduct, the complaint has alleged but not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

As to the state law claims "federal rules of civil procedure apply in federal Court" even when the case was originally filed in state court. Willy v. Coastal Corp., 503 U.S. 131, 135-36 (1992).

2. <u>Intracorporate conspiracy</u>

if "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505, 510 (6th Cir. 1991). The intracorporate conspiracy doctrine applies to § 1985 claims. Doherty v. Am. Motors Corp., 728 F.2d 334, 339 (6th Cir. 1984).

It also applies in Ohio courts. Innovative Architectural Planners, Inc. v. Ohio Dept. of Adm. Servs., 2024-Ohio-824, 13-14.

**Plaintiffs' allegations against Pohlhaus do not state a claim**

The allegations against Pohlhaus state or infer no more than the possibility of misconduct. Plaintiffs allege that Pohlhaus founded the Blood Tribe, that he participated in

2

Blood Tribe events that were not held in Springfield, and that he made a few online posts, including one urging unspecified people to "hit Springfield".

The complaint does not explain how or when Pohlhaus directed anyone to do anything in Springfield. It does not allege that Pohlhaus commented online about any of the acts plaintiffs complain of. It does not allege what Pohlhaus's position was within Blood Tribe before or during the Springfield incidents. Nor what obligations any Blood Tribe member had to obey or take direction from Pohlhaus.

Additionally, the complaint fails to allege what knowledge Pohlhaus had about the complained of activities of Blood Tribe or what ability he had to stop it before or during the incidents. Due to these deficiencies, Plaintiffs have failed to state any claim against Pohlhaus under the required "plausibility" standard.

Plaintiffs also chose to sue only Blood Tribe and individuals that plaintiffs allege were all Blood Tribe "associates." Therefore, the conspiracy causes of action are all barred by the doctrine of intracorporate conspiracy.

In conclusion, all claims against Pohlhaus should be dismissed.

Respectfully submitted,

/s/ Christopher Pohlhaus
Christopher Pohlhaus
C.a.pohlhaus@gmail.com
859-786-8138

## CERTIFICATE OF SERVICE

I hereby certify that on the 21 day of July 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the parties of record:

_____