IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| CITY OF SPRINGFIELD, OHIO, et al. | : | Case No. 3:25-cv-00033 |
| Plaintiffs, | : : | District Judge Thomas M. Rose |
| v. | : : | Magistrate Judge Caroline H. Gentry |
| BLOOD TRIBE, et al. | : : | **PLAINTIFFS' MOTION FOR SANCTIONS AGAINST** |
| Defendants. | : : | **DEFENDANT CHRISTOPHER POHLHAUS** |

Regretfully, Plaintiffs City of Springfield, Ohio, Mayor Rob Rue, Assistant Mayor Dr. David Estrop, City Commissioners Krystal Brown and Tracey Tackett, and Taylor Flora, Casey Rollins, Jessica Shafer and Randall Comer ("Plaintiffs"), by and through counsel, respectfully request that the Court impose sanctions on *pro se* Defendant Christopher Pohlhaus ("Pohlhaus") for repeatedly sending derogatory and harassing emails, including religious slurs, to Plaintiffs' counsel and paralegal support staff in response to the service of courtesy copies of Plaintiffs' filings.  Sanctions should be granted pursuant to the Court's inherent authority to deter further harassment by Defendant Pohlhaus and to preserve the decorum of these proceedings. Plaintiffs ask this Court to admonish Pohlhaus to abide by the Court's Introductory Statement on Civility, refrain from any further harassment, and award attorneys' fees and expenses incurred for the preparation of this Motion. Plaintiffs' factual and legal reasons for this Motion are more fully set forth in the attached Memorandum in Support. A proposed order is being submitted contemporaneously with this Motion for the Court's convenience.

Respectfully submitted,

/s/ Glen R. McMurry
Glen R. McMurry (0082600), Trial Attorney
TAFT STETTINIUS & HOLLISTER LLP
40 North Main Street, Suite 1700
Dayton, Ohio 45423
Phone: 937-228-2838
Fax: 937-228-2816
gmcmurry@taftlaw.com
James Pasch (0086809)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, New York 10158-3650
Phone: 212-885-7700
jpasch@adl.org

Daniel J. Kramer (*admitted phv*)
Gregory F. Laufer (*admitted phv*)
Marques S. Tracy (*admitted phv*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: 212-373-3000
dkramer@paulweiss.com
glaufer@paulweiss.com
mtracy@paulweiss.com

*Counsel for Plaintiffs*

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

As this Court is well aware, the very basis of this suit centers around Defendants' orchestrated campaign of unlawful harassment and intimidation of Plaintiffs.[1]  Undeterred by the filing of this litigation, Defendant Pohlhaus has continued that behavior, now targeted at Plaintiffs' counsel and their staff.

Following a protracted period during which Defendants intentionally evaded service—ultimately requiring Plaintiffs to obtain leave for service by publication, *see* ECF Doc. Nos. 13 and 15—Defendants Pohlhaus and Drake Berentz ("Berenz") finally entered appearances on July 21, 2025 and July 22, 2025, respectively, and sought leave to obtain ECF rights.  *See* ECF Doc. Nos. 21 and 23.  Because the Court has not yet ruled on those requests, Plaintiffs, out of an abundance of caution, have ensured valid service by providing courtesy copies of their filings to Defendants via email.  In response to those emails, Pohlhaus has directed abusive communications at Plaintiff's counsel's support staff; comments that began as gratuitously rude and demeaning, and have escalated into hateful, antisemitic attacks.  Plaintiffs now seek narrowly tailored sanctions to deter such misconduct and to protect counsel and staff from further harassment.

II. **LEGAL ARGUMENT**

Courts have "the inherent power to punish with sanctions those who litigate in bad faith."  *Stalley* v. *Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).  This authority derives from the equitable power of courts "to guarantee the integrity of the court and its

---

[1] For purposes of this Motion, Plaintiffs incorporate all factual and legal statements asserted within their Complaint herein.  ECF No. 1.

proceedings," *First Bank of Marietta* v. *Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002), and includes the ability to award attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Stalley*, 517 F.3d at 920.

There are no exceptions for a *pro se* litigant. To the contrary, "[a] *pro se* litigant is not excused from the requirement to show appropriate courtesy and respect to opposing counsel," and cannot "harass his opponent." *Gueye* v. *U.C. Health*, 2014 WL 4984173, at *5 (S.D. Ohio, Oct. 6, 2014). The court thus has "inherent authority to sanction *pro se* litigants for engaging in frivolous and harassing litigation conduct." *Id.* at *6.

Plaintiffs have served two motions on Pohlhaus by email in connection with this matter. Pohlhaus responded to both with highly offensive and hateful harassment consistent with the pattern of intimidation and harassment specifically described in the Complaint.

First, on July 30, 2025, a paralegal for Plaintiff's counsel emailed Pohlhaus a service copy of Plaintiffs' Motion for Entry of Default. Pohlhaus responded with an insult directed at that paralegal's physical appearance.[2]

Second, on September 4, 2024, the same paralegal emailed Pohlhaus a copy of Plaintiffs' Motion for Leave to File Sur-Reply to Defendant Pohlhaus' Motion to Dismiss. Pohlhaus replied to the email with an antisemitic and derogatory remark, writing only: "***[s]o kikey***."[3] (Exhibit A (emphasis added).) That term is of course a deeply insulting and

---

[2] Given the nature of the insult, Plaintiffs do not herein provide a copy of the email, but will provide it to the Court for *in camera* review upon request.

[3] "Kike" is a derogatory term for a Jewish person, *see* https://www.ajc.org/translatehate/kike, and one Pohlhaus and the Blood Tribe have used in connection with both the misconduct described in the Complaint, as well as in public commentary about this ongoing suit. *See, e.g.*, Compl. at ¶ 115, PageID 32; Dkt. 13,

offensive word used to refer to a Jewish individual.

As set forth in the Court's Local Rules, all litigants—including those proceeding *pro se*—are expected to comport themselves with "the courtesy and respect described" in the Court's Introductory Statement on Civility. S.D. Oh. L.R., Introductory Statement on Civility, at 4–5. Harassment and derogatory remarks directed towards opposing counsel, litigants or their staff violate the letter and spirit of this rule and are grounds for sanctions, as both the Sixth Circuit and this Court have recognized. *See Greene* v. *Indep. Pilots Assoc.*, 2018 WL 8651540, at *2–3 (6th Cir. Oct. 4, 2018) (awarding monetary sanctions when party to suit responded to a motion with, among other things, insulting emails); *see also Gueye,* 2014 WL 4984173, at *5 (sanctioning *pro se* litigant for "disrespectful, rude, harassing, and inappropriate" conduct). Counsel has both a legal and moral obligation to safeguard their staff from such abuse. While vigorous advocacy is expected in litigation, basic civility toward support staff is not optional. Plaintiffs respectfully urge the Court to make unmistakably clear that such misconduct will not be tolerated.

### III. CONCLUSION

Accordingly, in the interests of the preservation of the decorum of these proceedings, Plaintiffs respectfully request that the Court admonish Defendant Pohlhaus to refrain from further harassment, adhere to the Court's Introductory Statement on Civility, and award Plaintiffs a reasonable attorney's fee for the time expended bringing this Motion.

---

PageID 132 (quoting Pohlhaus' statement that Plaintiffs might attempt to extend the deadline for service by way of "some other kike-y bullshit.").

Respectfully submitted,

/s/ Glen R. McMurry
Glen R. McMurry (0082600), Trial Attorney
TAFT STETTINIUS & HOLLISTER LLP
40 North Main Street, Suite 1700
Dayton, Ohio 45423
Phone: 937-228-2838
Fax: 937-228-2816
gmcmurry@taftlaw.com

James Pasch (0086809)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, New York 10158-3650
Phone: 212-885-7700
jpasch@adl.org

Daniel J. Kramer (*admitted phv*)
Gregory F. Laufer (*admitted phv*)
Marques S. Tracy (*admitted phv*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: 212-373-3000
dkramer@paulweiss.com
glaufer@paulweiss.com
mtracy@paulweiss.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 12, 2025, a copy of the foregoing was filed electronically with the Court using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

/s/ Glen R. McMurry
Glen R. McMurry (0082600)