UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CITY OF SPRINGFIELD, OHIO, *et al.*, | : |
| Plaintiffs, | : Case No. 3:25-cv-33 |
| v. | : Judge Thomas M. Rose |
| THE BLOOD TRIBE, *et al.*, | : Magistrate Judge Caroline H. Gentry |
| Defendants. | : |

**ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT CHRISTOPHER POHLHAUS (DOC. NO. 31)**

This matter is back before the Court on Plaintiffs' Motion for Sanctions Against Defendant Christopher Pohlhaus (the "Motion") (Doc. No. 31). In pertinent part, Plaintiffs[1] have brought the present action against Defendants The Blood Tribe ("Blood Tribe"), an alleged neo-nazi organization, and Christopher Pohlhaus ("Pohlhaus"), Blood Tribe's alleged founder. (Doc. No. 1 at PageID 8-10, 39-41.) The Clerk has entered default with respect to Blood Tribe, but Pohlhaus remains an active party to this case. (*See* Doc. No. 27.) By their Motion, Plaintiffs seek to sanction Pohlhaus for harassing conduct. (Doc. No. 31 at PageID 287.) For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion.

I. **BACKGROUND**

Because Pohlhaus is proceeding here *pro se*, Plaintiffs' counsel has emailed courtesy copies of Plaintiffs' filings directly to Pohlhaus. (*Id.* at PageID 285.) Based on information

---

[1] To wit, the named Plaintiffs in this case are the City of Springfield, Ohio, Rob Rue, Dr. David Estrop, Krystal Brown, Tracey Tackett, Taylor Flora, Casey Rollins, Jessica Shafer, and Randall Comer. (Doc. No. 1 at PageID 1.)

1

provided in Plaintiffs' Motion, Pohlhaus has responded to the courtesy communications of Plaintiffs' counsel with harassment.  (*Id.*)  Such harassment includes insults directed at the appearance of counsel's support staff and antisemitic comments.  (*Id.*)  In particular, the Court thinks it important to note that Pohlhaus responded to one of Plaintiffs' courtesy correspondences by simply stating, "[s]o kikey."  (Doc. No. 31-1 at PageID 289.)

On September 12, 2025, Plaintiffs filed their present Motion, seeking sanctions against Pohlhaus for his abusive conduct.  (Doc. No. 31.)  Due to the serious nature of the misconduct alleged here, the Court ordered Pohlhaus to file his response, if any, to Plaintiffs' Motion on or before Monday, September 22, 2025.  (Doc. No. 32 at PageID 291.)  That date has since passed and Pohlhaus has filed no response.  Therefore, the Court assumes the truth of the factual allegations of harassment contained in Plaintiffs' Motion.

## II. DISCUSSION

### a. Whether Sanctions are Appropriate

In seeking sanctions, Plaintiffs invoke the Court's inherent authority.  (Doc. No. 31 at PageID 285-86.)  As a rule, Courts "are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L. Ed. 242 (1821)) (internal quotation marks omitted).  The ability to issue sanctions is among the most prominent of a court's inherent powers.  *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion."  *Id.* (citations omitted).

Nevertheless, courts "should not shrink" from issuing sanctions when "justified by the circumstances."  *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).  By way of

example, a party may be sanctioned under a court's inherent authority for failing to "show appropriate courtesy and respect to opposing counsel." *Gueye v. U.C. Health*, No. 1:13-cv-673, 2014 WL 4984173, at * 5 (S.D. Ohio Oct. 6, 2014). Indeed, the bedrock principle of civility is essential for the administration of justice in the Southern District of Ohio, where litigants and counsel alike are expected to treat their adversaries with common courtesy. S.D. Ohio Civ. R., Introductory Statement on Civility. Along these lines, the Court finds that Pohlhaus has conducted himself in a manner offensive to the administration of justice and should be sanctioned accordingly. It should go without saying that berating Plaintiffs' counsel with personal insults and ethnic slurs is abhorrent to any notion of common courtesy and civility. Such behavior will not be tolerated and, therefore, the Court has determined to **GRANT** Plaintiffs' Motion insofar as Plaintiffs move for Pohlhaus to be sanctioned under the Court's inherent authority.

      b. <u>**Appropriate Sanctions**</u>

Now, the Court must only determine what sanctions may be appropriately imposed here, given the circumstances. Plaintiffs request an admonition and an award of Plaintiffs' reasonable attorney's fees incurred in bringing the instant Motion. As a point of order, the Court finds it apt to admonish Pohlhaus and does so below.

However, the Court must consider more closely whether Pohlhaus should be required pay Plaintiffs' reasonable attorney's fees at this time. Generally, "[a] court may assess attorney's fees under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers*, 501 U.S. at 45-46) (internal quotation marks omitted). Courts may also exercise this inherent power where a party's "conduct is 'tantamount to bad faith.'" *Id.* (quoting *Roadway Exp.*, 447 U.S. at 767). "'[T]he mere fact that an action is without merit does not amount to bad faith.'" *Id.*

3

(quoting *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 642, 753 (6th Cir. 2010)). Without delving into the specific legal test, a court may generally not sanction a party with attorney's fees without some significant showing that the party knowingly pursued a frivolous or disruptive course of action. *See id.*; *see also Stalley*, 517 F.3d at 920.

Here, the Court finds sufficient circumstances to justify sanctioning Pohlhaus with Plaintiffs' reasonably attorney's fees incurred in preparing the Motion. As discussed above, Pohlhaus has clearly failed to comport himself appropriately in this case. Further, Pohlhaus' attempts to berate Plaintiffs' counsel and counsel's support staff functionally hamper these proceedings. When Pohlhaus responds to Plaintiffs' counsel with personal insults and ethnic slurs, he is essentially discouraging counsel's efforts to litigate this case. Additionally, in hurling his petty insults, Pohlhaus evinces a wholesale disregard for the civility required to operate an adversarial justice system. The Court thus finds Pohlhaus' misconduct tantamount to bad faith.

Nonetheless, as a measure of grace, the Court will hold Plaintiffs' request for attorney's fees in abeyance for the time being. To be clear, the Court finds Pohlhaus' treatment of Plaintiffs' counsel and counsel's staff thus far to be utterly unacceptable. This case has simply not been pending long enough to allow Pohlhaus' misconduct to become pervasive. In this vein, the Court hopes curb Pohlhaus' behavior without imposing liability for Plaintiffs' attorney's fees on him. Though, Pohlhaus should be cautioned that his continued bad faith will result in the Court awarding Plaintiffs their reasonable attorney's fees associated with the instant Motion. As explained in the Court's admonition below, further misconduct by Pohlhaus may also result in increasingly steeper sanctions.

In sum, Pohlhaus must certainly be sanctioned with an admonition, but shall not be made to pay Plaintiffs' reasonable attorney's fees at this time. Ultimately, the Court **ADMONISHES**

Pohlhaus, but holds Plaintiffs' request for an award of attorney's fees in **ABEYANCE** for the time being.

### III. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiffs' Motion for Sanctions Against Defendant Christopher Pohlhaus (Doc. No. 31) The Court hereby **SANCTIONS AND ADMONISHES** Pohlhaus to refrain from further harassment against Plaintiffs, their counsel, and their counsel's support staff. Pohlhaus is placed on **NOTICE** that his behavior toward opposing counsel thus far has been both morally reprehensible and violative of the Court's civil administration of justice. Thus, the Court further **ADMONISHES** Pohlhaus to adhere to the Court's Introductory Statement on Civility throughout the pendency of this litigation.

The Court holds Plaintiffs' request for an award of attorney's fees in **ABEYANCE** for the time being. Should Pohlhaus behave himself, the Court will discharge the pending obligation to pay Plaintiffs' reasonable attorney's fees. By contrast, continued misconduct by Pohlhaus will all but ensure the immediate imposition of this penalty. Regardless, Pohlhaus should not expect another demonstration of the Court's grace without a tremendous showing of good cause. Going forward, Pohlhaus is cautioned that any additional harassment of parties relevant to this case may result in an additional finding of bad faith and increasingly steeper sanctions. Such sanctions may include, but are not limited to, monetary penalties, contempt sanctions, and entry of default judgment in Plaintiffs' favor.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 1, 2025.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE