UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| CITY OF SPRINGFIELD, OHIO, *et al.*, | : | Case No. 3:25-cv-00033 |
| Plaintiffs, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| THE BLOOD TRIBE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER CONCERNING ELECTRONIC FILING RIGHTS

This matter is before the Court on Defendants' Pohlhaus and Berentz' separate motions for electronic filings rights and/or to receive email service through the electronic filing system. (Doc. Nos. 21, 23, 24.) The motions were filed by these Defendants without the assistance of counsel.

Generally, "[p]arties proceeding pro se are not permitted to file electronically." S.D. Ohio CM/ECF Procedures Guide, Section 1.1. However, "[a] pro se individual may apply to the assigned Judicial Officer for permission to electronically file documents." *Id*.; *see also* S.D. Ohio Civ. R. 83.5(b) ("If the Court permits, a party to a pending proceeding who is not represented by an attorney may register as a Filing User solely for the purposes of that action."). "[T]he grant of electronic filing privileges is a *privilege* granted to pro se litigants in the discretion of this Court." *Needham v. Butler Cnty. Jail*, No. 1:19-cv-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019) (emphasis added).

Defendant Pohlhaus' "Motion for electronic filing Representing myself" (Doc. No. 21) is **DENIED**. Pohlhaus is in default and has not demonstrated that he should be allowed to electronically file documents in this case. (*See* Clerk's Entry of Default, Doc. No. 41; Sanctions Order against Pohlhaus, Doc. No. 39.) *See also Newberry v. Cox Media Grp., LLC,* No. 3:25-cv-215, 2025 WL 2443080, at *1 (S.D. Ohio Aug. 25, 2025) (denying similar motion where the Court was "not confident that Plaintiff would use the Court's efiling system only to submit appropriate documents that comport with the applicable rules.").

Defendant Berentz' Motions for Electronic Filing Rights and To Receive Service Through the Electronic Case Filing System (Doc. Nos. 23, 24) are also **DENIED**. Berentz has not provided good grounds for the motions. *See Young v. City of Logan*, No. 2:25-cv-698, 2025 WL 2483445, at *9 (S.D. Ohio Aug. 28, 2025) (denying similar motions where the plaintiff "has not demonstrated any need for such privileges or given any reason why they should be granted."). Moreover, the filings in this case suggest that Berentz may be intentionally evading service (*see* Doc. Nos. 13, 14) and these motions—submitted without the requested address and phone number—may have been filed in furtherance of that goal. (Doc. Nos. 23, 24.) The undersigned concludes that granting the privilege of electronic filing and service to Berentz is not warranted at this time.

**IT IS SO ORDERED.**

    */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge