UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CITY OF SPRINGFIELD, OHIO, *et al.*, : | |
| Plaintiffs, : | Case No. 3:25-cv-33 |
| v. : | Judge Thomas M. Rose |
| THE BLOOD TRIBE, *et al.*, : | Magistrate Judge Caroline H. Gentry |
| Defendants. : | |

**ENTRY AND ORDER DENYING DISMISSAL, AS REQUESTED IN DEFENDANT DRAKE BERENTZ INITIAL BRIEF (DOC. NO. 35)**

Presently before the Court is Defendant Drake Berentz Initial Brief (the "Brief") (Doc. No. 35). The Complaint (Doc. No. 1) in this matter has been brought by Plaintiffs City of Springfield, Ohio ("Springfield" or the "City"), Rob Rue, Dr. David Estrop, Krystal Brown, Tracey Tackett, Taylor Flora, Casey Rollins, Jessica Shafer, and Randall Comer (collectively, "Plaintiffs"). Plaintiffs primarily allege that Defendants The Blood Tribe ("Blood Tribe"), Christopher Pohlhaus ("Pohlhaus"), Drake Berentz ("Berentz"), and seven unnamed co-conspirators (collectively, "Defendants") acted in concert to violate the individual Plaintiffs' civil rights, as proscribed by 42 U.S.C. §§ 1985(3) at 1986. (Doc. No. 1 at PageID 39-41.) Plaintiffs also claim eight additional causes of action against Defendants for conduct related to this alleged conspiracy to violate civil rights. (*Id.* at PageID 41-53.) Although his Brief is not properly styled as a motion, Berentz urges the Court to dismiss Plaintiffs' civil rights claims against him for lack of jurisdiction and for failure to state a claim. (Doc. No. 35 at PageID 314-15.)

For the reasons stated below, the Court **DENIES** the relief sought in Berentz's Brief.

1

I. **BACKGROUND**

The Court will not reiterate the alleged background in this case, as the Court previously detailed those allegations when denying Pohlhaus' Motion to Dismiss [for] Failure to State a Claim (Doc. No. 20).[1] For the sake of this Order, the Court only recounts that Blood Tribe is an alleged neo-nazi organization, Berentz allegedly serves as Blood Tribe's second-in-command, and, in mid-to-late 2024, Berentz allegedly led groups affiliated with Blood Tribe in a coordinated campaign against Plaintiffs' due to their positive sentiments toward Haitian immigrants in Springfield. (*See* Doc. No. 1 at PageID 2-4, 9, 17-20, 25-26.)

Berentz submitted his Brief on September 22, 2025, arguing for dismissal of this action. (Doc. No. 35 at PageID 314-15.) Although Berentz's Brief was not styled as a motion, Plaintiffs responded to Berentz's Brief on October 14, 2025. (Doc. No. 43.) Berentz did not file a reply. Therefore, to the extent Berentz intended his Brief to request dismissal of Plaintiffs' claims against him, that request is ripe for review and decision.

II. **STANDARD OF REVIEW**

1. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally fall into one of two categories: facial attacks or factual attacks. *Ohio Nat'l. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack questions the sufficiency of the pleading. *Id.* In reviewing a facial attack, a trial court takes the allegations in the complaint as true. *Id.* If those allegations adequately establish jurisdiction, then the court will find that jurisdiction exists. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (internal citations omitted). In reviewing a factual attack, no presumptive truthfulness applies. *Id.*

---

[1] For a comprehensive account of Plaintiffs' allegations by the Court, *see* Doc. No. 34 at PageID 294-97.

A factual attack on subject matter jurisdiction has been commonly termed a "speaking motion." *Id.* (citing *Ohio Nat'l. Life Ins. Co.*, 922 F.2d at 325). When the facts regarding subject matter jurisdiction create a factual controversy, the court must weigh the conflicting evidence to determine whether subject matter jurisdiction exists. *Id.* "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* Because the issue in a factual attack is the court's jurisdiction, the reviewing court may go beyond the pleadings and "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *see also Anestis v. United States*, 749 F.3d 520, 524 (6th Cir. 2014).

However, a court will engage in this factual inquiry "only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Gentek*, 491 F.3d at 330 (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). If a factual attack on subject matter jurisdiction implicates the merits of the plaintiff's claim, "the district court should '*find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Id.* (internal citations omitted) (emphasis in original). This subjects the party posing a factual attack on a court's subject matter jurisdiction to the standards of Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56. *Id.*

The party asserting jurisdiction has the burden of proof. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). This burden must be satisfied by a preponderance of the evidence. *Wright v. United States*, 82 F.3d 419 (6th Cir. 1996).

### 2. Motion To Dismiss for Failure To State A Claim

"The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint

3

is true." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D. Ohio 2013) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Id.* at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* at 555-56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

### III. ANALYSIS

In his Brief, Berentz appears to argue that the Court lacks federal question jurisdiction over Plaintiffs' claims and that Plaintiffs have failed to state a claim against him. The Court considers these two contentions accordingly.

#### 1. Subject Matter Jurisdiction

Not unlike the rest of his Brief in general, Berentz's claim that the Court lacks jurisdiction is difficult to parse. Construing his Brief liberally, the Court reads Berentz's writings to raise a facial challenge to Plaintiffs jurisdictional allegations. Specifically, Berentz asserts that Plaintiffs have not brought this case pursuant to federal law. (Doc. No. 35 at PageID 307.) By this theory, because Plaintiffs have not invoked the Court's federal question jurisdiction, the Court has no additional bases to consider Plaintiffs' state law claims under 28 U.S.C. § 1367.

Limited though jurisdiction may be, there is no question that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a plaintiff's federal claim is accompanied by state law claims that "form part of the same case or controversy," district courts may exercise supplemental jurisdiction over the state law claims as well. 28 U.S.C § 1367(a).

In this case, the Court finds it nonsensical to suggest that Plaintiffs have failed to invoke a federal question. Plaintiffs' paramount causes of action–conspiracy to violate civil rights and failure to prevent a conspiracy to violate civil rights–arise under 42 U.S.C. §§ 1985 and 1986. These are federal statutes authorizing private causes of action. Further, the Court finds that it has supplemental jurisdiction over Plaintiffs' remaining claims. In essence, Plaintiffs' seven other claims either allege the same conspiracy under state law or allege causes of action which, if proven, may constitute overt acts in furtherance of a civil rights conspiracy. This is all to say that Plaintiffs' state law claims are inextricably linked to their federal claims involving an alleged conspiracy to violate civil rights. Accordingly, the relief requested in Berentz's Brief is **DENIED** insofar as Berentz claims that the Court lacks jurisdiction here.

2. **Plausibility of Plaintiffs' Claims**

Berentz's argument concerning whether Plaintiffs have stated a plausible claim is again somewhat convoluted. Most substantively, Berentz simply recites 42 U.S.C. § 1985(3) and states,

5

"[n]one of the elements of either codified statute are applicable in the instant case." (Doc. No. 35 at PageID 312-13.)

In pertinent part, 42 U.S.C. § 1985 provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws … [and] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Thus, to state a civil rights conspiracy claim under Section 1985(3), plaintiffs must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cmty. Church of Chesterland Ohio v. Penny*, 759 F. Supp. 3d 805, 809 (N.D. Ohio 2024) (quoting *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983)).

A plaintiff alleging a civil rights conspiracy under Section 1985 may also have a cause of action under 42 U.S.C § 1986 against anyone who had knowledge of the conspiracy and the power to prevent it, if such conspiracy be carried out. 42 U.S.C. § 1986. "Dismissal of a § 1986 claim is proper if a plaintiff fails to state a cause of action under § 1985." *Thurmond v. Cnty. of Wayne*, 447 F. App'x. 643, 650 (6th Cir. 2011) (citations omitted).

As discussed in the Court's prior order (Doc. No. 34 at PageID 300-01), Plaintiffs have

6

sufficiently pled a civil rights conspiracy under 42 U.S.C. § 1985. The Complaint in this case alleges a racialized campaign of terror launched on Springfield and its citizens in 2024. Based on the events Plaintiffs allegedly endured, such as late-night visits from strangers and intimidating demonstrations, it is further plausible that Plaintiffs might have suffered private injury. The Complaint asserts that the overt acts of terror done unto Plaintiffs were the products of a coordinated effort by Defendants. Most naturally, this supposed coordination leads the Court to infer an internal agreement among Defendants. For good measure, Berentz's alleged involvement in a conspiracy to violate Plaintiffs' civil rights is incredibly stark from the face of the Complaint. To be sure, Plaintiffs basically allege that Berentz unabashedly led Blood Tribe members in marches and public demonstrations that had the intended effect of intimidating Springfield residents.

So too have Plaintiffs plausibly alleged a claim against Berentz for failure to prevent a conspiracy to violate civil rights. Having alleged a conspiracy, Plaintiffs need only allege that Berentz knew about the conspiracy and had the power to stop it. Given his allegedly public-facing role, the Court finds it plausible that Berentz knew about the underlying conspiracy at issue. Moreover, because he allegedly led many Blood Tribe efforts, the Court finds it reasonable to infer that Berentz was in such a position of authority within Blood Tribe to prevent any conspiracy against Plaintiffs' civil rights.

Hence, the Court finds that Plaintiffs have plausibly alleged causes of action against Berentz and **DENIES** Berentz's Brief to the extent he argues that Plaintiffs have failed to state a claim.

### IV. CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant Drake Berentz Initial Brief (Doc. No. 35) insofar as Berentz intended his Brief to constitute a motion. Regardless, it is **ORDERED** that within **fourteen (14) days** of this Order, Berentz shall file a proper responsive pleading to Plaintiffs' Complaint. Therein, Berentz shall either admit or deny the allegations of the Complaint, as contemplated by the Federal Rules of Civil Procedure. Berentz is placed on **NOTICE** that a failure to timely respond to Plaintiffs' Complaint may result in sanctions.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, November 13, 2025.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE