**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| THE CITY OF SPRINGFIELD, OHIO, *et al.*, | : | Case No. 3:25-cv-00033 |
| | : | |
| | : | District Judge Thomas M. Rose |
| Plaintiffs, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| vs. | : | |
| | : | |
| THE BLOOD TRIBE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Non-Party Witness Matthew Dwyer recently filed a Motion to Quash Subpoena and Request for Protective Order. (Doc. No. 64.) He redacted a few lines in the Motion to Quash. (*Id*.) Dwyer also filed two related motions:  (1) a motion to file an unredacted version of the Motion to Quash under seal (Doc. No. 65); and (2) a motion to obtain electronic case filing rights (Doc. No. 66). Dwyer appears before this Court without the assistance of counsel.

The Court **GRANTS** Dwyer's motion to file an unredacted version of his Motion to Quash under seal. (Doc. No. 65.) It appears that he has redacted his home address and a family member's medical information, for example, from the Motion. (*See, e.g.,* Doc. No. 64 at PageID 497, 499, 500.) As Dwyer is not a party to the case, and because it appears—based on the information currently in the record—that the public would have little interest in this redacted personal information, the Court will permit Dwyer to file an

unredacted version of his Motion under seal.[1] Fed. R. Civ. P. 5.2(f). The <u>Clerk of Court</u> is **DIRECTED** to accept from Dwyer an unredacted version of his Motion to Quash (Doc. No. 64) and to file it on the docket **UNDER SEAL**.

The Court **DENIES** Dwyer's motion for electronic case filing rights. (Doc. No. 66.) As noted, Dwyer is not a party to the case, and it does not appear at this time that he will be required (or permitted) to file many documents in it.[2] However, Dwyer may find this case and electronically monitor the status of his remaining motion via the federal courts' PACER Case Locator service, https://pcl.uscourts.gov/pcl/index.jsf.

**IT IS SO ORDERED**.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

---

[1] This is not a determination about the relevance of any information sought by Plaintiffs, nor does it mean that information about Dwyer may not appear in the record of this case. Further redaction or sealing will be handled on a case-by-case basis and should not be presumed based on this Order. *See generally Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (recognizing "a strong presumption in favor of openness as to court records.") (cleaned up).

[2] If Plaintiffs file a response to his Motion to Quash, Dwyer may file a reply consistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

2