**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| THE CITY OF SPRINGFIELD, OHIO, *et al.*, | : | Case No. 3:25-cv-00033 |
| | : | |
| Plaintiffs, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| THE BLOOD TRIBE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER TO SIGN RESPONSE**

**ORDER RECONSIDERING DENIAL OF MOTION**
**TO RECEIVE ELECTRONIC SERVICE**

The Court recently received a document titled "Defendant Reply to Plaintiffs' Motion to Compel Responses." (Doc. No. 83.) This Response was ostensibly submitted by Defendant Drake Berentz. However, the document does not contain his actual handwritten signature, and it is not clear that he in fact submitted it. (*See generally* Doc. No. 62 [rejecting document signed and submitted on Berentz' behalf by a non-attorney relative].) The Court previously instructed Berentz that he "must personally sign every document he submits to the Court for filing." (*Id*. at PageID 494.)

The signature requirement arises from Rule 11 of the Federal Rules of Civil Procedure. *See English v. Equifax Info. Servs., LLC*, No. 1:24-cv-240, 2026 LX 266792, at *7-8 (S.D. Ohio May 15, 2026) (Fed. R. Civ. P. 11 requires "that an unrepresented

party personally sign filings submitted to the Court and certify that the factual and legal contentions therein are made in good faith after reasonable inquiry") (emphasis added).

The required signature is a *handwritten* signature. *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("we read the requirement of a signature [in Rule 11] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."); *McFarlin v. City of Wayne*, No. 26-cv-10011, 2026 U.S. Dist. LEXIS 49649, at *3 (E.D. Mich. Mar. 6, 2026) (Rule 11 "requires that each Plaintiff personally sign their filings with a handwritten signature."); *Jacquelyn S Jordan Trust v. City of Franklin*, No. 3:22-cv-326, 2022 U.S. Dist. LEXIS 86013, at *3 (M.D. Tenn. May 12, 2022) (Rule 11 "requires a handwritten signature, not a typed name"); *Greene v. Rochester Villas Apartments, Inc.*, No. 25-13926, 2026 WL 30640, at *1 (E.D. Mich. Jan. 5, 2026) ("Although Greene's typed name appears at the end of the complaint, the document is not dated, there is no signature block or other indication that the typed name serves as an electronic signature, and the document was not submitted through an electronic account belonging to Plaintiff. This does not suffice as a signature. As Rule 11(a) is framed, the requirement of a signature generally means a handwritten signature, and other rules only permit electronic signatures with sufficient indicia of authenticity."); *Watkins v. LaSalle Bank*, No. 25-cv-13901, 2025 U.S. Dist. LEXIS 261898, at *4 (E.D. Mich. Dec. 18, 2025) (striking an unsigned complaint and noting that "Plaintiff may refile an amended complaint that contains her handwritten signature").

2

Although the Rules contain an exception that allows approved "Filing Users" of the Court's electronic filing system to type their signatures,[1] Defendant Berentz is not an approved Filing User. (*See* Doc. No. 45 [denying Berentz electronic filing rights].) His own handwritten signature must therefore appear on each paper he files.

Defendant Berentz' Response to the pending motion to compel in this case does not contain his handwritten signature. (*See* Doc. No. 83 at PageID 1185.) The Court therefore **INTENDS** to **STRIKE** this document unless Defendant Berentz promptly corrects the omission. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

Defendant Berentz is **ORDERED** to personally **SIGN** his Response (Doc. No. 83) with a handwritten signature and **SUBMIT** it to the Clerk of Court by **July 23, 2026**. If he fails to do so, his Response will be stricken from the docket.

---

[1] This Court's Local Rule 83.5 provides in part:

> **(b) Filing Users.** Attorneys admitted to the permanent bar of this Court and those admitted pro hac vice shall, unless otherwise ordered, register as Filing Users of this Court's ECF system. If the Court permits, a party to a pending proceeding who is not represented by an attorney may register as a Filing User solely for the purposes of that action. …

> **(c) Electronic Signature.** The actual signature of a Filing User shall be represented, for ECF purposes, by "s/" followed by the typed name of the attorney or other Filing User. Signature in such a manner is equivalent to a hand-signed signature for all purposes, including Fed. R. Civ. P. 11 or any other rule or statute.

S.D. Ohio Civ. R. 83.5(b)-(c). *See also* Fed. R. Civ. P. 5(d)(3)(B) ("A person not represented by an attorney … may file electronically only if allowed by court order or by local rule"); Fed. R. Civ. P. 5(d)(3)(C) ("*Signing.* A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature.").

Additionally, the undersigned notes that the Court's mail to Defendant Berentz has been returned as undeliverable several times. (*See* Doc. No. 50, 51, 63, 67, 74, 81.) The docket and Berentz's most recent filing both contain the same address to which the Court's earlier mail was unsuccessful. (*See* Doc. No. 83, 83-1[2] [listing his address as 58300 Lashley Rd., Senecaville, OH 43780]; *cf.* Doc. No. 67 at PageID 533 [mail sent to this address was returned with a note that "FORWARD TIME EXP RTN TO SEND[ER]."])

Defendant Berentz's recent filing also contains an email address. In the interest of justice and to ensure that Berentz receives notice of the Court's orders and decisions, the Court *sua sponte* **RECONSIDERS** its previous denial of Berentz's "Motion by Pro Se Litigant to Receive Service by Email Through the Electronic Case Filing System." (Doc. No. 24; *See* Order, Doc. No. 45 [denying this motion, among others].) Berentz's motion to <u>receive</u> service by email is **GRANTED**. (Doc. No. 24.) Berentz must still <u>file</u> documents by mail or in person, and must still personally sign each of his documents.

The Clerk of Court is **DIRECTED** to **ADD** Defendant Berentz's email address as listed on his most recent filing (Doc. No. 83 at PageID 1185) to the docket and to serve him with the Court's orders, etc. via email rather than by mail. If Berentz wishes to change his email address, he may file a notice with the Clerk of Court.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　*/s/ Caroline H. Gentry*
　　　　　　　　　　　　　　Caroline H. Gentry
　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] This envelope bears a mailing stamp from Johnstown, Pennsylvania. (Doc. No. 83-1 at PageID 1186.)

4